

# NUMBER 13-21-00254-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NINFA SOLIZ,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

### On appeal from the 156th District Court
### of Live Oak County, Texas.

# MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant filed a notice of appeal attempting to appeal convictions of smuggling of persons entered by the 156th District Court on August 9, 2021. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed with a judgment of conviction entered on August 9, 2021.  On that same day, a notice of appeal was filed. Upon review of the

documents filed, the trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal" without permission of the Court. *See* TEX. R. APP. P. 25.2(a)(2). On August 16, 2021, the Court ordered appellant's counsel to review the record and determine whether appellant had a right to appeal. On September 27, 2021, due to counsel's lack of response to the order, the Court abated the matter for the trial court to determine whether the certificate was accurate, whether appellant's rights are adversely affected by a continued delay, whether appellant wishes to pursue the appeal, and if any order are necessary to ensure the proper and timely pursuit of the appeal.

On December 13, 2021, we received a supplemental record containing the trial court's findings that the trial court certification (the defendant has NO right of appeal) is accurate, that appellant does not have the permission of the trial court to appeal, and that the record of the hearing clearly shows that the appellant was informed she had no right to appeal, and that appellant understood the admonishment.

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this appeal is reinstated and dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of February, 2022.

2